## AMERICAN SURETY COMPANY OF NEW YORK *v.* RICKS.

ATKINSON, J.   A minor suing by next friend instituted an action against his employer for damages caused by a personal injury. While the case was pending, the defendant (a corporation) executed a mortgage on its property to another corporation. The plaintiff in the above mentioned suit instituted an equitable action against the mortgagor, the mortgagee, and the sheriff, to enjoin foreclosure of the mortgage and sale of the property. At a hearing at chambers the judge granted an interlocutory injunction, but provided in the order that the defendants might proceed with the sale by giving "their joint and several bond, with good and sufficient security, to be approved by the clerk of said court, conditioned to pay plaintiff, should the mortgage and security given thereunder be, in this pending suit, declared fraudulent and set aside for fraud, the amount of the verdict and judgment, if any be obtained, in the" damage suit against the mortgagor. In order to dissolve the interlocutory injunction the defendants as principals, and the American Surety Company of New York as security, executed a bond conditioned as provided in the injunctive order, which bond was approved by the clerk of the court and filed in his office on November 17, 1919. After a verdict and decree foreclosing the mortgage, but before final judgment in the damage suit, and without any notice to the obligee, an individual signed the bond as surety, and the clerk of court made an entry thereon: "Approved with new surety, November 12, 1920." On the same day an order was granted in open court by the judge, without notice to the obligee, which recited the substitution of another and different surety that had been approved by the clerk of court, and declared that the American Surety Company should be discharged from all further liability as surety from the date of the order. On June 23, 1922, during the first term after notice of the order last mentioned, the plaintiff made a written motion to set aside that order on the ground that it was improvidently and illegally granted without notice to the plaintiff. A rule was duly issued upon the motion, and service acknowledged. It does not appear that an answer was made to the rule, but a hearing was had at which evidence was introduced. In so far as material to be stated, the pleadings and evidence and recitals in the bill of exceptions made the case as stated above. At the hearing the judge granted an order setting aside so much of the former

order as relieved the American Surety Company of New York from liability on the bond. To this order the surety company alone excepted. *Held:* The bond was given as authorized by the interlocutory order of the court. Even if the judge would have been authorized to order the substitution of a different surety without notice to the plaintiff before verdict and final judgment in the equity cause, he could not do so after the determination of the case. The judgment setting aside in part the former order of the court was not erroneous.

*Judgment affirmed. All the Justices concur.*

No. 4312. FEBRUARY 25, 1925.

Equitable petition. Before Judge Bell. Fulton superior court. March 6, 1924.

*Jones, Evins & Moore,* for plaintiff in error.

*Hewlett & Dennis,* contra.